Sam Samkoff v. Commissioner.
Samkoff v. Commissioner
Docket No. 54266.
United States Tax Court
T.C. Memo 1957-123; 1957 Tax Ct. Memo LEXIS 141; 16 T.C.M. (CCH) 529; T.C.M. (RIA) 57123; June 28, 1957
*141 1. Fraudulent return: Respondent's burden of proof. - Held, that respondent introduced sufficient proof to establish that petitioner filed a return for one of the years involved which was, on its face, a false and fraudulent return in the light of all of the other evidence introduced by the respondent which proved clearly and convincingly that petitioner filed a false and fraudulent return for the year in question with intent to evade tax. 2. Pleadings: Admissions by petitioner. - Held, that since petitioner, in his reply, did not specifically admit or deny respondent's affirmative allegation of fact in his answer that petitioner filed a return for the year involved in which he reported net income of a stated amount, respondent's allegation of fact is deemed to be admitted by petitioner. Rule 18(b), Rules of Practice. James A. Ronayne, Esq., 120 Broadway, New York, N. Y., for the petitioner. John J. Walsh, Esq., and John M. Doukas, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion Memorandum Findings of Fact and Opinion was filed in this case on November 14, 1956, under which decision was to be entered under Rule 50 [. Decision has not been entered. After the Findings of Fact and Opinion was filed, petitioner's counsel for the first time, and belatedly, advanced a new argument and cited new cases relating to fraud for 1942 in a motion for reconsideration. Although petitioner's counsel, in his original briefs, should have made the argument which he now untimely asks the Court to consider, his motion for reconsideration has been granted. Supplemental briefs have been filed by counsel for each party. The Commissioner determined deficiencies in income tax for the years 1942, 1943, and 1945, to which he added 50 per cent under section 293(b), 1939 Code. Consents were executed extending the period for the assessment of taxes *143 for 1943, 1944, and 1945. No consent was executed for 1942 and the deficiency for that year is barred unless petitioner filed a false and fraudulent return for 1942. Section 276(a), 1939 Code. The questions which have been decided are whether petitioner realized income for the taxable years 1942, 1943, and 1945, which he failed to report in his returns; and whether part of a deficiency, if any, for each taxable year is due to fraud with intent to evade tax. The Commissioner reconstructed petitioner's income by use of the increase in net worth plus expenditures method. Upon consideration of all of the evidence, it has been held (in the Memorandum Findings of Fact and Opinion which has been filed) that petitioner had income for 1942, 1943, and 1945, which he failed to report for tax in the amounts which respondent determined, and that part of the deficiency for each of the taxable years was due to fraud with intent to evade tax. We are now asked to reconsider our holding that part of the deficiency for 1942 was due to fraud, and, in particular to reconsider our conclusion that with respect to the year 1942 the respondent succeeded in meeting his burden of proof in view of the circumstance *144 that the respondent did not produce petitioner's income tax return for 1942. Respondent did not produce the return for 1942 because under his authority to do so, he destroyed that return. We now make additional Findings of Fact and restate some of the facts already in order to make clear the discussion of the question now under consideration. Supplemental Findings of Fact The records of the Commissioner in the office of the district director for Upper Manhattan, which formerly was the third New York district, show that an income tax return for 1942 was filed by Sam Samkoff. The Commissioner, under his legal authority, destroyed this income tax return and associated documents in 1950. However, in the Commissioner's permanent records located in the office of the district director of internal revenue for the Upper Manhattan district, New York City, division of income index files and returns unit, is a microfilm of the original index card which was indexed to Sam Samkoff's income tax return for 1942, which shows that the original index card bore the letter, "N", which is the symbol used by the Commissioner to show that an income tax return, which has been filed, reported that no *145 income tax was due. Abraham Zemlock is a certified public accountant licensed in New York. He prepared an individual income tax return for petitioner, Sam Samkoff, for the taxable year 1942. He retained a copy of the return for 1942 which he had prepared. Zemlock produced the copy of the 1942 return during the trial of this case upon request of the respondent who introduced such copy into evidence as exhibit O. In the copy of the 1942 return of petitioner the following entries appear: Line
Income
1.
Salaries
$ 700.00
6.
Rents and royalties
3,121.00
11.
Total income
$3,821.00
Deductions
12.
Contributions paid
$ 25.00
13.
Interest
1,518.00
14.
Taxes
1,568.60
16.
Bad debts
400.00
18.
Total deductions
$3,511.60
19.
Net income
$ 309.40
Computation of Tax
20.
Net income
$ 309.40
21.
Less: Personal exemption
1,200.00
23.
Balance (surtax net income)
None
26.
Balance subject to normal tax
None
33.
Balance of tax
None
Respondent made the affirmative allegation in his answer, filed in this case, in paragraph VII, subparagraph (a) as follows: "(a) Petitioner filed an individual income tax return for the calendar year 1942 *146 on which he reported net income of $309.40." Petitioner filed a reply to the answer in which he did not expressly admit or deny the above-stated affirmative allegation of the respondent in subparagraph (a) of paragraph VII of the answer. In the statement attached to the statutory deficiency notice which gave rise to the filing of the petition, the following is stated: Taxable Year ended December 31, 1942
Adjustments To Net Income
Net income as disclosed by return
$ 309.40
Unallowable deductions
and additional income: (a) Unexplained increase
in net worth
$11,535.88
(b) Other income
625.00
12,160.88
Net income corrected
$12,470.28
Petitioner filed a return for the taxable year 1942. The return disclosed net income of $309.40, and it reported, after the personal exemption, no net income and no tax due. Petitioner's net income for 1942 was understated and unreported in the amount of $11,535.88. Petitioner filed a false and fraudulent return for 1942. Supplemental Opinion HARRON, Judge: Petitioner contends that since the respondent did not produce his original income tax return for 1942, the respondent has failed to meet his burden *147 of proving that petitioner filed a false and fradulent return for 1942. Reliance is placed upon . The following was said by the Court in the Drieborg case, supra: "* * * The Commissioner failed in his proof of any such fact [that the taxpayer's returns were false and fraudulent] for the simple reason that the returns were not in evidence, nor was there any evidence as to what information the returns contained. * * *
" There have been but few occasions where this question has arisen, presumably for the reason that ordinarily the Commissioner has in fact offered the taxpayer's returns, or at least sufficient evidence of what they contained, as a recognized necessary part of his case in proving them false or fraudulent. However such expressions as we have found on the subject confirm the necessity of showing what the tax returns contained in order to prove them fraudulent. * * *" What was said in the Drieborg case, supra, cannot be said here because there is evidence before us, introduced by the Commissioner, which establishes that a return was filed by petitioner for 1942, and that the original copy of the return *148 reported no tax due. Although the Commissioner is authorized by the Congress to destroy periodically the tax returns which have been filed for certain years, he has adopted the practice of making microfilms of records connected with the destroyed tax returns. In this instance, the microfilm of the index card to which petitioner's filed tax return for 1942 was indexed, reveals that the original index card bore the symbol used by the Commissioner in keeping his records in the course of his administrative business, which stands for "no income tax was reported as due." This evidence was admissible and is entitled to receive consideration. Respondent called as his witness Abraham Zemlock who testified that he prepared the 1942 income tax return of petitioner. Zemlock produced his retained office copy of the 1942 return which he prepared. It shows that there was reported no taxable net income; no income tax due. Petitioner did not categorically deny that Zemlock prepared his 1942 return or that the copy which Zemlock produced was the copy of the return which petitioner filed. Petitioner's testimony on the matter of the preparation of his return for 1942 was vague and evasive. He testified *149 merely that he could not recall who prepared his income tax return for 1942. Petitioner's counsel did not direct questions to petitioner about the copy of the 1942 income tax return which was received in evidence. From all of the evidence before us, particularly the details about the amounts of petitioner's assets, liabilities, and net worth at the end of 1942, to which petitioner has agreed under a stipulation of facts, it is a reasonable inference that the return filed by petitioner was not correct in reporting no taxable income and no income tax due. On the reverse side of the copy of the 1942 income tax return, in schedule B - "Income from Rents and Royalties" property was listed which was described as "131-33 E 113 St." It has been stipulated that in 1942 petitioner owned a piece of real estate at the same address. Respondent, in this case, introduced evidence as to what information the 1942 return which was filed contained. Petitioner did not introduce evidence to rebut, refute, or negate respondent's evidence. Respondent, in addition, introduced other evidence which constitutes clear and convincing proof that petitioner filed a false and fraudulent return for 1942. The *150 Findings of Fact which have been filed show that respondent amply sustained and met his burden of proof. We are unable to discern in the Court's reasoning in the Drieborg case a rule which precludes our holding here upon all of the evidence before us that the respondent has failed to prove that petitioner filed a false and fraudulent return for 1942, or that he has failed to prove by the required clear and convincing evidence that part of the deficiency for 1942 was due to fraud with intent to evade tax. Under Rule 18(b) of this Court's Rules of Practice, "every material allegation of fact set out in the answer and not expressly admitted or denied in the reply, where a reply is filed, shall be deemed to be admitted." Because of petitioner's failure to admit or deny in his reply the allegation in respondent's answer that petitioner filed a tax return for 1942 on which he reported net income of $309.40, that allegation of fact is deemed to be admitted by the petitioner. Upon the pleadings, since the fact that petitioner reported net income of only $309.40 in his 1942 return is deemed to be admitted, respondent was not required to introduce proof of that fact. Nevertheless, he introduced *151 proof relating to this point which is entitled to consideration. In this circumstance, the Drieborg case does not provide support for petitioner's argument. Upon reconsideration, it is held that respondent has proved fraud for 1942. Petitioner's contentions now made are rejected. Decision will be entered under Rule 50.